FILED

02/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0467

DA 16-0467

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 44N

IN RE THE MARRIAGE OF:

BONNIE STRUCK,

Petitioner and Appellee,

and

DARVIN STRUCK,

Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DR-12-037(D) Honorable David M. Ortley, Presiding Judge |

COUNSEL OF RECORD:

For Appellant:

Peter F. Carroll, Attorney at Law, Kalispell, Montana

For Appellee:

Tiffany B. Lonnevik, Lonnevik Law Firm, P.C., Kalispell, Montana

Submitted on Briefs: February 8, 2017

Decided: February 28, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Darvin Struck appeals from the District Court's Findings of Fact, Conclusions of Law and Decree of Dissolution entered June 29, 2016.  Darvin contends that the District Court erred in distributing the marital estate between the parties.  We affirm.

¶3      The parties were married in 1984 and separated in 2012.  During the marriage the parties engaged in several modest businesses.  Bonnie worked in the businesses and kept the family home.  She received no salary or Social Security contribution for her work, although she and Darvin agreed that she could take $700 per month for her personal expenses.  The District Court found that Bonnie contributed significant services and labor to the parties' income-producing businesses and to the marital estate.

¶4      Darvin acquired real property in the Kalispell area and farm property in the Rudyard area by gift or inheritance from his family.  The parties lived on part of the Kalispell property and on another part Darvin raised hay that he sold.  They received CRP payments on the Rudyard property of $25,000 per year for a number of years. Bonnie received a gift from her parents of a life insurance policy that will pay her when the last of them dies.  Her parents intend to pay the annual premium of approximately

$6000 as long as they are able. The District Court allocated the $193,338 present value of the policy to Bonnie, and declined Darvin's request that the face value of the policy be allocated to her. Citing *nemo est haeres viventis*, the District Court noted that the living (Bonnie's parents) have no heirs, and therefore the uncertainty of the ultimate payout on the policy makes future payment only speculative.

¶5 The District Court issued detailed findings of fact and conclusions of law, dividing the marital property between the parties pursuant to § 40-4-202. MCA. The District Court divided the principal assets by allocating to Darvin the Flathead County property at a value of $513,168 and Sanders County property at a value of $23,000. The District Court allocated the Hill County property to Bonnie at a value of $442,400.

¶6 Darvin argues on appeal that the District Court's property division was arbitrary and "worked a substantial injustice," primarily because the division included property that Darvin had obtained through gift or inheritance from family members. We conclude that the District Court properly applied § 40-4-202. MCA, to this property and did not act arbitrarily or contrary to law. *In re Marriage of Rintoul*, 2014 MT 210, ¶¶ 9-11, 376 Mont. 167, 330 P.3d 1203. Darvin also argues that several of the District Court's findings of fact are "clearly erroneous," but the record shows that there was substantial evidence to support those findings. Awarding Bonnie a share of the post-separation CRP payments was within the discretion of the District Court.

¶7 Finally, Darvin argues that the District Court abused its discretion in admitting testimony from Bonnie's expert concerning property values. The District Court found that the only competent evidence of the value of the Flathead property was provided by

3

Bonnie's expert. The record shows that the expert was properly qualified and that the District Court did not abuse its discretion in admitting and considering the testimony.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court did not abuse its discretion and the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA

4